Hon. Alfred S. Robbins Administrative Judge District Court of Nassau County
This is in response to your inquiry of June 30, 1978 asking who is the proper party to maintain necessary enforcement proceedings when a fine has been imposed against a corporation by a judge of the District Court of Nassau County and such fine has not been paid.
Your inquiry is prompted by a June 22, 1978 letter request to you for advice from the office of the County Attorney, County of Nassau, copy of which letter accompanied your inquiry. Thereunder Deputy County Attorney Louis Agresta sent you a copy of certificate of conviction and a letter dated May 18, 1978 from Virginia Formato, Clerk of the Third District Court, Great Neck, New York. At request on my behalf, your secretary sent under letter dated July 10 copy of Mrs. Formato's letter and copy of the certificate.
The conviction was for violation of Chapter 52, Article IV, Section 4 (Taxicabs and Limousines) of the Code of the Town of North Hempstead. Violation thereof is deemed an offense against the ordinance. You say that, had the fine been paid to the court, it would have been remitted to the Town of North Hempstead. I am advised the Attorney for the Town of North Hempstead prosecuted the matter.
Mr. Agresta wrote to you "It is the feeling of this office that inasmuch as the Attorney General's office has assumed jurisdiction of many other areas due to the takeover of the Courts by the State of New York, that this type of matter should be handled by the Attorney General."
When Mr. Agresta alludes to "takeover of the Courts by the State of New York," it is assumed he refers to the constitutional amendment adopted by the People on November 7, 1961 (N.Y. Const., Art. VI), subsequently implemented by amendments to Article 7-A of the Judiciary Law, whereby court reorganization was effected. The State's Court system was given organizational structure and specification of powers necessary to bring more effective judicial administration into being.
This restructuring in no way expanded the duties of the Attorney General to require him to institute proceedings to collect fines imposed upon corporations for violation of local ordinances.
The general duties of the Attorney General are provided in Executive Law § 63; in relevant part that provision holds the Attorney General shall:
 "Prosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel, in order to protect the interest of the state * * *. No action or proceeding affecting the property or interests of the state shall be instituted, defended or conducted by any department, bureau, board, council, officer, agency or instrumentality of the state, without a notice to the attorney-general apprising him of the said action or proceedings, the nature and purpose thereof, so that he may participate or join therein if in his opinion the interests of the state so warrant. * * *"
Thus, it may be seen the duties of the Attorney General center about those matters of a State interest or of concern to departments and bureaus of the State or any office thereof. Enforcement proceedings for the collection of a fine imposed against a corporation by a town would be considered local in nature. It is a town supervisor's duty to prosecute, in the name of the town, for all penalties given by law to such town for its use (Town Law § 29 [8]).
Penal Law § 80.10 provides for imposition of fines for corporations guilty of offenses. As to the collection of any such unpaid fine, CPL 420.20 provides as follows:
"Collection of fines imposed upon corporations."
 "Where a corporation is sentenced to pay a fine, the fine must be paid at the time sentence is imposed. If the fine is not so paid, it may be collected in the same manner as a judgment in a civil action, and if execution issued upon such judgment be returned unsatisfied an action may be brought in the name of the people of the state of New York to procure a judgment sequestering the property of the corporation, as provided by the general corporation law. It is the duty of the attorney general in all criminal proceedings prosecuted by him, and, in all other proceedings, the county attorney for counties outside the city of New York, and, in the city of New York the corporation counsel of the city of New York, to institute proceedings to collect such fine." (Emphasis supplied.)
Clearly, the Attorney General does not engage in prosecuting a corporation for violation of a local ordinance. That duty, as stated in Town Law § 29 (8), rests with the Town. The duty to institute proceedings to collect a fine imposed for such offense rests, as stated in CPL 420.20, with the county attorney.
Thus, to respond to your inquiry based upon Mr. Agresta's request of you for advice, I would hold that it is not the duty of the Attorney General to institute proceedings to collect a fine imposed upon a corporation arising out of a prosecution conducted by the Town and not by the Attorney General.